MaddeN, Judge,
delivered the opinion of the court:
The plaintiffs were civilian employees of the New York Naval Shipyard at Brooklyn, New York. They were per diem employees who occupied supervisory positions. They were entitled to the benefits of the Veterans’ Preference Act of 1944, 58 Stat. 387, as amended; 61 Stat. 501; 62 Stat. 1233; 63 Stat. 666; 5 U. S. C. 851. At various dates in 1946 or 1947 the several plaintiffs were demoted to positions carrying less pay. Upon their appeal to the Civil Service Commission, the Commission determined that the Navy Department, in effecting the demotions, had not proceeded in the manner required by Section 14 of the Veterans’ Preference Act, in that the notices given to the plaintiffs were general and did not sufficiently detail the reasons why the proposed demotions would promote the efficiency of the service. Because of the generality of the notices, the Commission said, the plaintiffs were unable to “join issue” with the Navy Department on whether the proposed demotions would, in fact, promote the efficiency of the service.
On March 31, 1947, the Civil Service Commission, for the reason recited above, recommended that “corrective action be taken by restoring the veterans to the supervisory positions from which they were demoted.” Section 14 of the Veterans’ Preference Act makes such a recommendation of the Civil Service Commission mandatory upon the employing Government agency. The Navy Department thereupon, on various dates in 1947, restored the plaintiffs to their *771 former positions. They sue here for the pay which they lost during the period of their demotions. The parties have agreed upon the amounts which the plaintiffs should recover if our decision is for the plaintiffs.
The plaintiffs rely upon our decision in Stringer v. United States, 117 C. Cls. 30. The Government attempts to distinguish the Stringer case upon the ground that Stringer was a per annum employee, whereas the plaintiffs were per diem employees. It says that per diem employees are compensated only for the time that they actually work, and at the applicable rate for the job at which they work, whereas per annum employees’ salaries go on, regardless of holidays, absences due to sickness, etc. This is true as to holidays, although provision is now made by statute or by contract for holiday pay fox many per diem employees. As for absences due to sickness, per annum employees are paid only insofar as statutes provide for sick leave.
We think we should not, in the application of the doctrine of the Stringer case, draw the distinction contended for by the Government between per annum and per diem employees. In hundreds of cases the National Labor Relations Board has awarded back pay to employees of private employers, when the employees were discharged or demoted in violation of the National Labor Relations Act. These awards have been approved and enforced by the courts. In practically all instances these employees have been per diem or hourly employees. To be sure the National Labor Relations Act expressly authorizes the Board to award back pay, in addition to restoration. But that Act shows that Congress had in mind no such distinction as the Government here contends for. A per diem employee has, in fact, a reasonable prospect of continuity of work and pay. When he is demoted and his pay is reduced without compliance with the requirements of applicable statutes, we think he has a right to be made whole for what was denied to him during the period of noncompliance.
The plaintiffs’ motions for summary judgments are granted, and judgments are awarded them in the following amounts:
*772 Joseph Abbate (1)-$70.00
Burton O. Allen (2)- 80.00
Walter Artesh (3)-381.60
John R. Baker (4)_ 70.00
Edwin J. Bancroft (6)- 284.00
Julian Bloodworth (6)_168.00
William J. Bradshaw (8)- 404.00
Erich Brau (9)- 404,00
Bertram R. Burstell (10)_ 59,25
Archibald M. Campbell (11)_ 284. 00
Charles V. Combe (12)_ 284. 00
Anthony Corsello (13)- 58.80
William D. Gill (15)_314. 61
Edward J. Glynn (16)_ 79.00
Fred W. Gruber (17)_ 474.00
Henry G. Hausman (18)_ 70.00
Burton W. Irving (19)_ 308.48
Elmer A. Johnson (20)_166.40
Harry Keteham (21)_ 70.00
Charles E. Kircher (22)_ 284.00
Edward I. Kwitchoff (23)_210.40
George B. Le Fever (25)_ 284.00
Joseph Luparello (26)_ 434.00
John J. McLean (28)_ 284.00
Arthur P. Malo (29)_ 264.00
Paul Mariani (30)_ 264.00
George Miller (31)_ 296.00
Stephen A. Monteverde (32)- 284. 00
Clesson W. Moore (33)_ 70.00
A. J. Robb (35)_ 70.00
Ernest E. Rosenstrom (36)_ 444. 00
Alfred B. Shjarback (37)_ 236.00
Stanley J. Sleziak (38)_ 436.00
Frank A. Smith (41)_ 284.00
Alexander Stevens (42)_ 264.00
Claus Syvertsen (43)_ 484.00
John Tedesehi (44)_ 97.60
Frank Vergano (45)_ 284.00
Frederick Worn (46)_ 284.00
Daniel A. Yulo (47)_ 424.00
It is so ordered.
Howell, Judge; Whitaker, Judge; LittletoN, Judge; and JoNEs, Chief Judge, concur.